**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| OCIE TODD & NANCY TODD, GUY T. PASSARELLO & PAULINE M. PASSARELLO, and KENNETH BUCH & JUDITH BUCH,<br>　　*Plaintiffs*,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R4 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2004, WITHOUT RECOURSE,<br>　　*Defendants*. | Case No.<br><br>COMPLAINT<br><br>JURY TRIAL REQUESTED<br><br>August 1, 2007 |

## *INTRODUCTION*

1.　　This is a suit brought by six individual consumers residing in Connecticut who entered into mortgage loans with Ameriquest Mortgage Company. One of these loans was subsequently assigned to Deutsche Bank National Trust Company as trustee for an asset-backed security. The other loan is believed to have been assigned to another entity not yet identified. The Plaintiffs claim that Ameriquest violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, (collectively "the Acts") in each of their transactions by failing to properly provide them with notice of their right to rescind the mortgage as required by the Acts and Regulation Z (12 C.F.R. Part 226).

## *PARTIES*

2. The Plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with Ameriquest Mortgage Company. The mortgages were subsequently assigned to other entities, including the other Defendant.

3. All Plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

4. All Plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the Defendants' misconduct.

5. Defendant Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

6. Defendant Deutsche Bank National Trust Company ("DBNT"), is a foreign corporation with a primary place of business in New York, New York. It holds legal title, as trustee, to some of the mortgage loans originated by Ameriquest. In this case DBNT is the trustee of the Defendant asset-backed security know as: "Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R4 under the Pooling and Servicing Agreement dated as of May 1, 2004, Without Recourse."

## *JURISDICTION*

7. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331-32.

8.      This Court has jurisdiction over the Defendants because they regularly conduct business in this state.

9.      Venue in this Court is proper because the Plaintiffs are residents of Connecticut and this action concerns real property located in Connecticut.

## FIRST COUNT
### (OCIE TODD & NANCY TODD v. AMERIQUEST MORTGAGE COMPANY)

10.     On or about April 24, 2004, Ocie Todd and Nancy Todd ("Plaintiffs") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiffs' residence to secure the indebtedness.

11.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

12.     On information and belief, Defendant assigned this loan to another entity.

13.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

14.     In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

15.     Defendant's violation includes, but is not necessarily limited to, providing Plaintiffs with the wrong Notice of Right to Cancel form.  This mortgage loan refinanced a prior Ameriquest mortgage.  Reg. Z § 226.23(b)(2) requires that the creditor provide the appropriate model form from Appendix H to the regulation or a substantially similar notice.  Rather than utilize the model form in Appendix H applicable to a refinancing with the original creditor (Form

H-9), Ameriquest utilized Form H-8.  The disclosures are different for loans where a third party loan is being refinanced, and the appropriate disclosures were not made in this instance.

16. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

17. The Plaintiffs exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to the originator of this mortgage loan, which notice has been received by the Defendant.

18. The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

19. More than twenty calendar days have passed since Defendant received the notice of rescission.

20. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

21. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

22. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiffs' property created under the transaction;

    c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d.   Statutory damages of $2,000 for Defendant's failure to respond properly to the Plaintiffs' rescission notice;

    e.   Forfeiture of loan proceeds;

    f.   Actual damages in an amount to be determined at trial; and

    g.   A reasonable attorney's fee.

### SECOND COUNT
### (GUY T. AND PAULINE M. PASSARELLO v. AMERIQUEST MORTGAGE COMPANY & DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES INC., ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R4 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2004, WITHOUT RECOURSE)

23.    On or about March 18, 2004, Guy T. Passarello and Pauline M. Passarello ("Plaintiffs") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiffs' residence to secure the indebtedness.

24.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

25.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

26.    In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

27. Ameriquest's violation includes, but is not necessarily limited to, providing Plaintiffs with the wrong Notice of Right to Cancel form. This mortgage loan refinanced a prior Ameriquest mortgage. Reg. Z § 226.23(b)(2) requires that the creditor provide the appropriate model form from Appendix H to the regulation or a substantially similar notice. Rather than utilize the model form in Appendix H applicable to a refinancing with the original creditor (Form H-9), Ameriquest utilized Form H-8. The disclosures are different for loans where a third party loan is being refinanced, and the appropriate disclosures were not made in this instance.

28. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

29. This mortgage loan was assigned to Co-Defendant Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R4 under the Pooling and Servicing Agreement dated as of May 1, 2004, Without Recourse.

30. The Plaintiffs exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

31. The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

32. More than twenty calendar days have passed since Defendants received the notices of rescission.

33. The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

34. The Defendants have failed to return to the Plaintiffs any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

35. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiffs' property created under the transaction;

   c. Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

   d. Statutory damages of $2,000 for each Defendant's failure to respond properly to the Plaintiffs' rescission notices;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney's fee.

### THIRD COUNT
### (KENNETH BUCH & JUDITH BUCH v. AMERIQUEST MORTGAGE COMPANY)

36. On or about June 15, 2004, Kenneth Buch & Judith Buch ("Plaintiffs") entered into a loan agreement with Defendant Ameriquest Mortgage Company (the originator) and provided a mortgage on Plaintiffs' residence to secure the indebtedness.

37. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

38. On information and belief, Defendant assigned this loan to another entity.

39. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635, and Reg. Z § 226.23 (12 C.F.R. § 226.23).

40. In the course of this consumer credit transaction, Defendant violated the state and federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth in C.G.S. § 36a-683, 15 U.S.C. § 1635(a), and Reg. Z § 226.23(b).

41. Defendant's violation includes, but is not necessarily limited to, providing an undated Notice of Right to Cancel form. The Notice of Right to Cancel form provided to Plaintiffs was not properly filled-out and listed neither the date of the transaction nor the final date by which they could cancel the transaction.

42. The Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

43. The Plaintiffs exercised the extended right to rescind the contract by sending notice by certified mail (via counsel) to the originator of this mortgage loan, which notice has been received by the Defendant.

44. The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c); C.G.S. § 36a-683(k)(3).

45. More than twenty calendar days have passed since Defendant received the notice of rescission.

46. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

47. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b), and Reg. Z § 226.23(d)(2).

48. As a result of the aforesaid violations of the Acts and Reg. Z, pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiffs' property created under the transaction;

   c. Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendant's failure to respond properly to the Plaintiffs' rescission notice;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney's fee.

## *PRAYER FOR RELIEF*

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case;

2. Declare the security interest in the Plaintiffs' residences are void;

3. Enter an order that the mortgage transactions are rescinded;

4. Order Defendants to take all action necessary to terminate any security interest in the Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5. Order the return to the Plaintiffs of any money or property given by them to anyone, including the Defendants, in connection with the transactions;

6. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7. Award the Plaintiffs whose mortgage loans were consummated within a year of the filing of this action statutory damages for the disclosure violation in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

8. Award the Plaintiffs actual and statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-676 *et seq*. and 15 U.S.C. § 1640(a);

9. Order that, because the Defendants failed to tender in response to the Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is

required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

      10.    Award actual damages in an amount to be established at trial;

      11.    Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S. § 36a-676 *et seq.* and 15 U.S.C. § 1640(a);

      12.    Award such other and further relief as the Court deems just and proper.

      PLAINTIFFS,

By: _____
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Andrew G. Pizor (ct27015)
apizor@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.; Suite 512
Rocky Hill, Connecticut 06067
Tel. (860) 571-0408  Fax (860) 571-7457